898 F.2d 145
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Paul HAGAN, Sr., Plaintiff-Appellant,
v.
H. Lawrence GARRETT, III, Secretary of the Navy, Defendant-Appellee.
 No. 89-1487.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 10, 1989.
Decided: March 2, 1990.
Rehearing Denied May 7, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Malcolm J. Howard, District Judge. (CA-88-104-4-H-CIV)
 Samuel S. Popkin, Popkin & Associates, for appellant.
 Margaret Person Currin, United States Attorney; Stephen A. West, Assistant United States Attorney, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER and PHILLIPS, Circuit Judges, and HARRISON L. WINTER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The question is whether the district court erred in dismissing appellant's Title VII claim against the Secretary of the Navy for failure to exhaust administrative remedies.
 
 
 2
 We find no error and affirm.
 
 
 3
 * Appellant, a black civilian employee of the Navy Department from 1967 until his retirement in July of 1988, experienced his first adverse action on November 12, 1972, when he was reduced in grade from WG-8 to WG-6 in connection with a general reduction in force. He was placed on the repromotion list with retained grade and pay until a Department of Defense pay adjustment effective May 12, 1974. Later, effective June 23, 1985, his grade was reclassified from WG-6 to WG-5 with retained grade and pay for two years.
 
 
 4
 On September 22, 1987, he filed with the Navy a formal administrative complaint regarding the issues later presented in this action. His administrative complaint specifically listed September 8, 1987, as the date the alleged discrimination occurred. He alleged that all seven employees hired to fill the position from which he was "riffed" were white and younger. He requested promotion to WG-8 and back pay from November 12, 1972.
 
 
 5
 The Navy's Notice of Final Decision, dated October 6, 1987, defined appellant's discrimination allegation to be that, based on race, color, age, and reprisal for prior EEOC complaint involvement, appellant had been reduced in grade on November 12, 1972, and June 23, 1985, and had not been repromoted. The decision rejected his complaint as being untimely filed. The Navy determined that because an EEOC counselor was not consulted until September 4, 1987, regarding the reductions occurring on November 12, 1972, and again on June 23, 1985, the complaint must be rejected as being untimely filed. But the decision also advised appellant that if the allegations had not been defined correctly, the EEOC must be so advised in writing within seven days of receipt. Appellant did not respond.
 
 
 6
 Appellant then filed an appeal with the Equal Employment Opportunity Commission. The issue on the administrative appeal was whether the Navy properly had rejected appellant's complaint on the grounds that he failed to seek EEOC counseling in a timely fashion. The Commission noted that appellant might be claiming that the allegation of discrimination was based on the Navy's alleged failure to repromote him to WG-8 positions when these opened and were filled with younger persons of other races. Therefore, the Commission decision vacated the Navy's decision and remanded the complaint for clarification of appellant's vague allegations of discrimination and for further processing. The Commission's decision found the key dates necessary for determining timeliness as those when the WG-8 positions were filled and/or when appellant became aware of the refillings.
 
 
 7
 Upon remand, the Navy sent a registered letter to appellant indicating the issues which needed to be clarified and the information that was required to clarify them. The letter informed appellant that he had 15 days from receipt of the letter to supply the information requested; otherwise, the Navy would cancel his complaint. Appellant's untimely response was dated April 18, 1988. While it was accepted, the information provided was not responsive to the request for specific information. Appellant again responded through his attorney on May 16, 1988, by submitting an irrelevant SF-50 that had converted appellant's status to career tenure effective October 30, 1970. On May 23, 1988, he submitted another irrelevant SF-50 dated August 29, 1972, that corrected the effective date and salary of appellant's RIF notification. Neither document specified allegations of discrimination within the 30-calendar day period preceding appellant's contact with an EEOC counselor on September 4, 1988. A Navy representative also met with appellant and his attorney and reiterated the information which was required in order to process the complaint.
 
 
 8
 When the information was not forthcoming after numerous attempts to allow appellant to provide it, the Navy issued another Notice of Final Decision on May 27, 1988. The decision cancelled appellant's complaint pursuant to 29 C.F.R. Sec. 1613.215 in view of the fact that neither appellant nor his representative provided sufficient information to establish the issues or relevant time frames of discrimination. Appellant then appealed that decision to the Equal Employment Opportunity Commission on June 15, 1988. He retired in July 1988. The issue on this administrative appeal was whether the Navy properly cancelled appellant's complaint for failure to prosecute. The Commission determined that appellant had refused to cooperate in the processing of the complaint by refusing or failing to provide the agency with specific information to clarify his vague allegations. Accordingly, the Navy's decision to cancel appellant's complaint pursuant to 29 C.F.R. Sec. 1613.215 for failure to prosecute was affirmed.
 
 
 9
 Appellant then commenced this action, alleging violation of rights secured by Title VII, relying on the conduct generally described in his administrative complaint. The district court dismissed the action on the grounds that appellant had failed to exhaust his administrative remedies in accordance with controlling statutes and regulations.
 
 
 10
 This appeal followed.
 
 II
 
 11
 Title 29 C.F.R. Sec. 1613.214(a)(1)(i) requires that a complaint of discrimination in employment be brought to the attention of an EEOC counselor within 30 calendar days of the alleged discriminatory event, as a precondition to further administrative processing of the complaint. Strict compliance with the rigorous exhaustion requirements and time limitations imposed by or pursuant to Title VII are a precondition to the maintenance of a civil action based on claims of employment discrimination. Brown v. General Services Administration, 427 U.S. 820 (1975). Here the appellant clearly had not properly exhausted his administrative remedies. He did not consult with an EEOC counselor until September 4, 1987. The two employment decisions-reduction in grade--specifically complained of occurred on November 12, 1972, and June 23, 1985, respectively. Even if the discriminatory events sought to be identified were the Navy's refilling of appellant's former position with others not in the protected class, appellant failed--despite every opportunity--to identify in the administrative processing of his claim any of those events as occurring within the critical time period. The EEOC therefore correctly determined that the Navy had properly cancelled the administrative complaint, and the district court in turn properly treated this as a failure to exhaust administrative remedies.
 
 
 12
 Because the issues are adequately presented in the materials before the court and oral argument would not aid the decisional process, we dispense with oral argument, and affirm the district court's judgment on the briefs and record.
 
 
 13
 AFFIRMED.